UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY R. QUAIR, SR., | Case No. 1:21-cv-01474-HBK (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* UNDER 28 U.S.C. § 1915(g) |
| v. | |
| LIEUTENANT MR. COLLIER, ET. AL., | FOURTEEN-DAY OBJECTION PERIOD |
| Defendants. | (Doc. No. 2) |
| | ORDER TO ASSIGN TO DISTIRCT JUDGE |

Plaintiff Sammy R. Quair, Sr., a prisoner incarcerated at Kings County Jail-Hanford, initiated this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff seeks leave to proceed *in forma pauperis* ("IFP motion"). (Doc. No. 2).

For the reasons discussed below, the undersigned recommends the district court deny Plaintiff's IFP motion under 28 U.S.C. § 1915(g) because Plaintiff has had at least three dismissals that constitute strikes and he has not established he meets the imminent danger exception. Plaintiff must pay the full filing fee if he wishes to proceed with a civil action.

**BACKGROUND AND FACTS**

The Complaint names the following defendants: Lieutenant Mr. Collier, Mr. Aguirree, Senior Mr. Anderson, Mrs. Esponoza, Mrs. Camarena, Mrs. Arellano, and Jane and Jon Does. (Doc. No. 1 at 1). Plaintiff identifies the following three claims for relief: (1) First Amendment

retaliation (*id.* at 3); (2) Fifth Amendment due process (*id.* at 5); (3) Fourteenth Amendment "equality of safety and security to all inmates confined." (*id.* at 6).

The Complaint sets forth unrelated claims ranging between retaliation to cruel and unusual conditions of confinement. (*See generally Id.*).  In claim one, Plaintiff alleges he faces retaliation stemming from the filing of another civil action pending at 1:21-cv-01214-EPG(PC) pertaining to violations from the COVID-19 pandemic. (*Id.* at 3).  As a result of filing what Plaintiff calls the "quarantine lawsuit" involving many defendants, Plaintiff alleges he has faced retaliatory acts, including denial of day room privileges and deprivation of medical treatment for his cousin, after his cousin swallowed razor blades and dominoes. (*Id.*).  In claim two, Plaintiff alleges he has been denied access to the dayroom for no reason and has not received any write-up or disciplinary action. (*Id.* at 5).  Plaintiff suspects it was because he hit an emergency button when an inmate with crutches fell and he summoned aid. (Id.).  In claim three, Plaintiff alleges he is housed in a pod at the county jail that does not meet the standards required by state law or "Title 24." (*Id.* at 5-6).  To the extent discernable, Plaintiff believes a fire may break out in the pod and due to gangs being housed in the same pod "inmates will try to kill each other." (*Id.*).  In claim four, Plaintiff alleges the guards are "very corrupt" and believes they practice witchcraft and are satanic/devil worshippers. (*Id.* at 6).  As relief, Plaintiff requests that the Court send the Department of Justice to investigate the county jail and to eliminate the corruption. (*Id.* at 7).

**APPLICABLE THREE STRIKE LAW**

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation.  *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)).  Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment

2

plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007). Regardless of whether the dismissal was with or without prejudice, a dismissal for failure to state a claim counts as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727.

To determine whether a dismissal counts as a strike, a reviewing court looks to the dismissing court's actions and the reasons underlying the dismissal. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning it occurred before plaintiff initiated the instant case. *See* § 1915(g). A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal). When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g). *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). A dismissal for failure to state a claim relying on qualified immunity counts as a strike. *Reberger v. Baker*, 657 F. App'x 681, 683-84 (9th Cir. Aug. 9, 2016). Further, ***and relevant here***, where a court dismisses a complaint for failure to state claim with leave to amend, the court's subsequent dismissal for failure to comply with a court order by filing an amended complaint constitutes a strike for purposes of § 1915(g). *Harris v. Magnum*, 863 F.3d 1133, 1143 (9th Cir, 2017).

Although not exhaustive, dismissals that do *not* count as § 1915(g) strikes include: dismissals of habeas corpus petitions, unless the habeas was purposefully mislabeled to avoid the three strikes provision. *See generally El-Shaddai v. Zamora*, 833 F.3d 1036, 1046 (9th Cir. 2016) (dismissals of habeas cases do not count as strikes, noting exception). A denial or dismissal of writs of mandamus petitions, the *Younger*[1] abstention doctrine, and *Heck v. Humphrey*[2] generally

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).
[2] *Heck v. Humphrey*, 512 U.S. 477 (1994).

3

do not count as a strike, but in some instances *Heck* dismissals may count as a strike. *See Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d at 1055-58 (citations omitted) (recognizing some *Heck* dismissals may count as strikes but noting others do not; and reiterating abstention doctrine dismissals and writs of mandamus do not count as strikes).  A dismissal of a claim based on sovereign immunity does not count as a strike. *Hoffman v. Pulido*, 928 F.3d 1147 (9th Cir. 2019). The Ninth Circuit also does not count cases dismissed for lack of jurisdiction as strikes. *Moore v. Maricopa Cty. Sheriff's Off.*, 657 F.3d 890, 894 (9th Cir. 2011).  Finally, the Ninth Circuit has ruled that if one reason supporting a dismissal is not a reason enumerated under § 1915A, then that reason "saves" the dismissal from counting as a strike. *Harris v. Harris*, 935 F.3d 670 (9th Cir. 2019).

Once prisoner-plaintiffs have accumulated three strikes, they may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoners "faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Caervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit).  The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).  However, assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, fn. 11.

The foregoing law must be taken in the context of Congressional intent when enacting the Prison Litigation Reform Act, under which § 1915(g) falls.  As the United States Supreme Court recently discussed in *Lomax*, the purpose of § 1915(g) was to curb the "flood of nonmeritorious claims," even if not abusive claims, but to allow the court a mechanism to recognize a "three striker," deny IFP on that basis, require payment of the full filing fee, which absent being paid, dismiss the case, and thereby permit time for consideration of suits more likely to succeed. *Lomax*, 140 S.Ct. at 1726; *see also Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (the PLRA was designated to filter out the bad claims filed by prisoners and facilitate consideration of the good, resulting in the payment of all future filing fees payable up front for those prisoner-plaintiffs

deemed three-strikers).

## ANALYSIS

### A. Plaintiff Has Three or More Qualifying Strikes

Plaintiff is identified as a "three-striker" on the national *Pro Se* Three Strike Database and a review of the Pacer Database reveals plaintiff has filed at least 12 civil actions or appeals in a court of the United States and has been deemed a three-striker under § 1915(g) prior to filing this lawsuit. Although not exhaustive, for purposes of this report and recommendation, each of the following cases are properly deemed qualifying § 1915(g) strikes and each were entered before Plaintiff commenced the instant action:

| Date of Order | Case Style | Disposition |
| --- | --- | --- |
| March 21, 2017 | *Quair v. Vento, et. al.*, Case No. 1:14-cv-1616-AWI-BAM (E.D. Cal. March 21, 2017) | Dismissing action for failure to state a claim, failure to obey court orders, and failure to prosecute after plaintiff failed to file an amended complaint after § 1915A screening |
| July 6, 2020 | *Quair v. Board of Supervisors*, Case No. 1:19-cv-902-DAD-SKO (E.D. Cal. July 6, 2020) | Dismissing action for failure to comply with court's orders after failing to file an amended complaint after § 1915A screening |
| August 11, 2020 | *Quair v. Board of Supervisors*, Case No. 1:19-cv-993-DAD-BAM | Dismissing action for failure to state a claim and failure to comply with court's order after plaintiff failed to file an amended complaint after § 1915A screening |

This Court has previously denied Plaintiff's IFP motions in other matters because of his three-striker status. *See e.g. Quair v. Thomas*, Case No. 1:21-cv-1397-SKO (PC) (E.D. Cal. 2021). As evidenced by the above, Plaintiff has three or more qualifying strikes for purposes of § 1915(g).

### B. The Imminent Danger Exception Does Not Apply

Because Plaintiff has three-qualifying strikes, he may not proceed IFP unless the

Complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical injury as of the date the Complaint is filed. *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007). Here, liberally construing the Complaint, the undersigned find it contains no plausible allegations sufficient to allege Plaintiff was in imminent danger of serious physical injury when he filed the action. Plaintiff's allegations related to his safety are fanciful (involve witchcraft and satanic worship) or speculative at best (fire). *Supra* at 3. These kind of assertions are insufficient to invoke the § 1915(g) exception because allegations that are speculative, fanciful, or conclusory or ridiculous, do not plausibly show imminent danger. *Andrews*, 493 F.3d at 1057, fn. 11. Based on the foregoing, the undersigned recommends Plaintiff's IFP motion be denied under § 1915(g) due to Plaintiff's three-strike status and the failure to meet the imminent danger exception.

Accordingly, it is **ORDERED:**

The Clerk shall randomly assign this case to a district court judge.

It is further **RECOMMENDED**:

Plaintiff's IFP motion be denied and, if Plaintiff fails to pay the $402.00 filing fee within a specified time set by the District Court, the case be automatically dismissed.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   December 1, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE